**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristy Wapniarski,<br><br>    Plaintiff,<br><br>vs.<br><br>Allstate Insurance Company; Jeffrey Grossinger and Jane Doe Grossinger, husband and wife,<br><br>    Defendants. | No. CV-10-0823-PHX-LOA<br><br>**ORDER** |

        Pending for ruling are Defendants Jeffrey Grossinger's and Jane Doe Grossinger's (collectively "Grossinger") Motion to Dismiss for Failure to State a Claim, docket # 4, and Plaintiff Kristy Wapniarski's ("Plaintiff") Motion to Remand, docket # 17. Grossinger seeks dismissal on two grounds: 1) improper or "fraudulent" joinder because Plaintiff named Jeffrey Grossinger, an Arizona resident and claims' adjuster, as a party to allegedly preclude complete diversity and removal to federal court, and 2) the Complaint fails to state claims against Grossinger for breach of contract and the tort of bad faith. Plaintiff also moves to remand this case to the Maricopa County Superior Court, State of Arizona as erroneously removed.

        After reviewing relevant case law and briefing, the Court finds that this District Court lacks complete diversity jurisdiction to adjudicate this case and remand to State court is mandated by federal law. Therefore, the Court will grant Plaintiff's Motion to Remand, will deny Grossinger's Motion to Dismiss alleging fraudulent joinder, and will

deny Grossinger's Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6), Arizona Rule of Civil Procedure.[1]

## **BACKGROUND**

The relevant facts at this early stage of this litigation are undisputed. On April 6, 2010, Plaintiff filed this action in the Maricopa County Superior Court against Defendants Allstate Insurance Company ("Allstate") and Grossinger, alleging a breach of Plaintiff's underinsured motorists' ("UIM") insurance contract and a first-party breach of the covenant of good faith and fair dealing ("bad faith") claim. (Complaint, docket # 1-3, Exhibit ("Exh") C at 7-10) Plaintiff asserts she was insured by an Allstate automobile insurance policy when she sustained serious bodily injury as a result of a motor vehicle collision on November 15, 2006. (*Id*. at 8-9) Plaintiff contends she was wrongfully denied UIM benefits by Jeffrey Grossinger, an Allstate employee who "managed and adjusted" Plaintiff's claim, "by failing to reasonably adjust Plaintiff's [UIM] claim and provide a reasonable payment

---

[1] The Federal Rules of Civil Procedure govern the procedural aspects of actions only **after** removal. Rule 81(c)(1), Fed.R.Civ.P. (emphasis added); *Lane v. Fontaine*, 2010 WL 186160, * 1 (D.Nev. 2010) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue. . . ."), *overruled on a different ground*, *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 n. 4 (8th Cir. 2003); *contra*, *Braden v. Tornier, Inc.*, 2009 WL 3188075, * (W.D.Wash. 2009).

Because this case will be remanded, it is unnecessary to resolve the question whether a complaint, filed in an Arizona court before removal, must comply with the sufficiency pleading requirements of the Arizona Rules of Civil Procedure or the Federal Rules of Civil Procedure. Federal courts follow *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1960 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), holding a plaintiff must state a claim that is "plausible" not merely conceivable. *Twombly*, 127 S.Ct. at 1974. The Arizona Supreme Court, however, has rejected the *Twombly* standard for determining whether a complaint states a claim upon which relief can be granted. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 189 P.3d 344 (Ariz. 2008). It appears Arizona follows a notice-pleading standard, a standard more restrictive than that adopted by *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), but not as high as *Twombly*. *Id*. at 419, 346.

. . . within a reasonable time frame." (*Id.* at 9) Admitting that Grossinger was employed by Allstate at all relevant times, Allstate "denies it has committed breach of contract, or that its conduct herein arises to a level of bad faith . . . ." (docket # 2 at 2)

On April 14, 2010, Defendants Allstate and Grossinger removed this action to this District Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. §§ 1441(a) and 1446. (docket # 1) Defendants allege 1) "[c]omplete diversity exists under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of Arizona and Defendants are a foreign corporation licensed outside of the state of Arizona[,]"[2] and 2) "Plaintiff alleges an unstated amount of damages for general and special damages which are believed to be in excess of $75,000 under an underinsured motorist coverage policy." (*Id.* at 2, ¶¶ 5-6) The parties agree, however, that Plaintiff and Grossinger are residents of, and domiciled in, Arizona. On April 14, 2010, Grossinger also filed a Motion to Dismiss for Failure to State a Claim. (docket # 4) On May 14, 2010, Plaintiff filed her Response to Grossinger's Motion to Dismiss and Motion to Remand. (docket # 17) All parties have expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c). (docket ## 11, 13) The Motions are ripe for ruling.

Plaintiff concedes that if Grossinger is dismissed from the lawsuit, diversity jurisdiction would be complete and this District Court would have subject matter jurisdiction to properly adjudicate Plaintiff's claims. (docket # 17 at 2) Plaintiff argues, however, that if Grossinger is not dismissed, this case must be remanded to State court for all further proceedings as complete diversity would be lacking under 28 U.S.C. § 1332. Plaintiff contends that because Arizona law "is not clear . . . that an adjuster does not bear personal responsibility for his bad faith actions[,]" citing *Allo v. American Family Mutual Insurance*,

---

[2] The Arizona Department of Insurance's website (http://app.az.gov/id/lookup/insurersearch) indicates Allstate Insurance Company is a property and casualty insurer, domiciled in the State of Illinois, with a business address of 3075 Sanders Road, Suite H1A, Northbrook, Illinois 60062-7127.

2008 WL 4217675 (D.Ariz 2008) and *Ballesteros v. American Family Mutual Insurance Company of Wisconsin*, 436 F.Supp.2d 1070 (D.Ariz. 2006), Grossinger's joinder was not improper or fraudulent and remand is required. (*Id*. 2-3) Significantly, in *Ballesteros* and *Allo*, different Arizona District Judges addressed the same legal issue presented in this case: whether an insurance adjuster was fraudulently joined to an insured's bad faith lawsuit to defeat diversity jurisdiction, and both reached the same conclusion. *Ballesteros*, 436 F.Supp.2d at 1077; *Allo*, 2008 WL 4217675 at 3. Each District Judge concluded that Arizona law regarding a claim of bad faith brought against an insurance adjuster is ambiguous or unsettled, and any ambiguity must be resolved in the plaintiff's favor by remanding each action to the Arizona courts. *Id*.

On the issue of more primary importance, fraudulent joinder, Grossinger's Reply to his Motion to Dismiss and Response to Plaintiff's Motion to Remand argues that "Plaintiff cannot maintain an insurance bad faith claim against Defendants Grossinger since she completely neglected to assert any facts tending to indicate that Mr. Grossinger breached the covenant of good faith and fair dealings." (docket # 18 at 3) This argument addresses only the sufficiency of the Complaint's factual allegations. While Plaintiff may be granted leave to amend her Complaint to allege more facts to allow a court to draw the reasonable inference that Grossinger is liable for bad faith, Grossinger's Reply does not squarely address the critical issue of whether under Arizona law an insurance adjuster may be liable in tort to the insured for his bad faith mishandling of a UIM claim. Grossinger has not provided this Court with any more recent Arizona authority on adjuster liability for first-party bad faith than those thoroughly analyzed and rejected in *Ballesteros* and *Allo*. Adjuster liability for first-party bad faith in Arizona remains, at least, unsettled. Therefore, remand to Maricopa County Superior Court is required.

## **FEDERAL COURT'S JURISDICTION**

"Federal courts being courts of limited jurisdiction, the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Associates v. Prudential Ins. Co*., 446 F.2d 1187, 1190 (9th Cir. 1970) (citing *Grace v. American Central*

- 4 -

*Ins. Co.*, 109 U.S. 278 (1883); *Ibarra v. Protective Life Ins. Co.*, 2009 WL 1651292, * 1 (D.Ariz. 2009) (citing U.S. Const., Art. III.). "It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *Lacombe v. Bullhead City Hosp. Corp.*, 2007 WL 2702005, * 4 (D.Ariz. 2007) (quoting *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)); *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."). Thus, this Court must first ascertain whether it has subject matter jurisdiction to adjudicate this case before it can reach Grossinger's Rule 12(b)(6) argument that the Complaint fails to state a claim upon which relief may be granted.

**A. Diversity Jurisdiction**

Civil actions not involving a federal question are removable to a federal district court only if there is complete diversity of citizenship between the parties and the threshold amount in controversy is exceeded. Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is complete diversity of citizenship between the parties opposed in interest. 28 U.S.C. § 1332(a); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). For an individual person, citizenship for diversity purposes requires that the person (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Von Kennel Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004).

**B. State Law**

It is well-settled "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426 (1996); *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). It is basic Arizona law that every "[p]erson is charged with responsibility for his own torts[,]" *Higgins v. Assmann Electronics, Inc.*, 217 Ariz. 289, 294, 173 P.3d 453, 458 (Az.Ct.App. 2007), and "[a]n employer is vicariously liable for the negligent or tortious acts

- 5 -

of its employee acting within the scope and course of employment." *McCloud v. Kimbro*, 224 Ariz. 121, 228 P.3d 113, 115 (Az.Ct.App. 2010) (citations omitted). In Arizona, insurance contracts include an implied covenant of "good faith and fair dealing," whereby each party is "bound to refrain from any action which would impair the benefits which the other had the right to expect from the contract or the contractual relationship." *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (Ariz. 1986). Since 1981, Arizona has recognized first-party, bad-faith tort actions. *Noble v. National Am. Life Ins. Co.*, 128 Ariz. 188, 189, 624 P.2d 866, 867 (Ariz. 1981).

**C. Removal**

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). In determining whether removal jurisdiction exists, district courts construe their jurisdiction narrowly against removal. *Peralta v. Countrywide Home Loans, Inc.*, 2009 WL 3837235, * 2 (N.D.Cal. 2009) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F.Supp.2d 1143, 1146 (D.Nev. 2004). "For removal purposes, diversity 'is determined (and must exist) as of the time the complaint is filed and removal is effected.'" *Monroe v. Gagan*, 2008 WL 4418155, * 9 (D.Ariz. 2008) (quoting *Stroter Corp. v. Air Transport Ass'n. of America*, 300 F.3d 1129, 1131 (9th Cir. 2002)) (citations omitted).

As the removing parties, Defendants Allstate and Grossinger bear the burden of demonstrating that removal jurisdiction is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Peralta*, 2009 WL 3837235 at 2 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)) (creating a "strong presumption against removal jurisdiction") (citations omitted). Thus, a district court must resolve any ambiguity in favor of remand to state court. *Id*. Because the parties agree that both Plaintiff and Grossinger are residents of Arizona, complete diversity is absent and removal was improper unless Grossinger was fraudulently joined as a defendant.

**D. Fraudulent Joinder**

In the Ninth Circuit, a defendant is fraudulently joined, for purposes of diversity jurisdiction, when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In determining the existence of removal jurisdiction, a district court may ignore a fraudulently joined defendant. *Morris v. Princess Cruise Lines*, 236 F.3d 1061, 1067-68 (9th Cir. 2001). District Judge Jorgenson in *Ballesteros* clearly explained fraudulent joinder in the context of federal diversity jurisdiction:

> Fraudulent joinder is a term of art and a defendant's presence will be ignored for purposes of diversity pursuant to this doctrine only if "the plaintiff fails to state a cause of action against a resident defendant, and the **failure is obvious according to the settled rules of the state**." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)(internal quotes and citations omitted)(emphasis in original); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)(same). "In evaluating fraudulent joinder claims, [the court] must initially **resolve** . . . **all ambiguities in the controlling state law in favor of the non-removing party**. [The court] then determine[s] whether that party has any possibility of recovery against the party whose joinder is questioned." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (emphasis in original). "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court." *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944); *see also Gaus*, 980 F.2d at 566; *Morris*, 236 F.3d at 1067; *Ritchey*, 139 F.3d at 1318. Indeed, a "merely defective statement of the plaintiff's action does not warrant removal . . . It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent . . . ." *Id*.

*Ballesteros*, 436 F.Supp.2d at 1072-73. *Ballesteros*, *Allo*, and the Ninth Circuit's fraudulent joinder cases upon which they rely remain valid authorities. *Hunter*, 582 F3d at 1043 ("Joinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." ) (internal

/ / /

/ / /

quotation marks and citations omitted); *County of Hawai'i v. Univev, LLC*, 2010 WL 520696, * 4 (D.Hawai'i, 2010) (citing *Hunter*).

## **DISCUSSION**

Grossinger has not provided, and the Court's independent research has not discovered, any recent Arizona authority resolving the unsettled issue under Arizona law whether an insurance adjuster may be liable in tort to the insured for the adjuster's bad faith mishandling of an insured's claim. Neither *Farr v. Transamerica Occidental Life Ins. Co.*, 145 Ariz. 1, 11, 699 P.2d 376, 386 (AzCtApp. 1984) nor *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127 (Ariz. 1982) have been vacated or distinguished regarding an insurance adjuster's liability in tort for an adjuster's bad faith mishandling of a first-party claim. The *Farr* court opined that the Arizona Supreme Court settled the issue whether an insurance agent or claims' administrator may be liable for bad faith: "*Sparks* turns upon the idea that the insurer and its agent are engaged in a joint venture so that each is jointly and severally liable with the other for a bad faith refusal to pay. . . In *Sparks* the court found that a company that issued certificates of coverage, billed and collected premiums, handled the investigation and payment of claims, and distributed brochures to induce the purchase of policies was engaged in a joint venture with the insurer so that both owed a common duty to the insureds to act in good faith." 699 P.2d at 386 (citing *Sparks*, 132 Ariz. at 540, 647 P.2d at 1138). By reasonable analogy, this Court is also persuaded, as were the District Judges in *Ballesteros* and *Allo*, that Arizona law may authorize a bad faith action against an insurance adjuster and the insurance carrier, at least, on a joint-venture theory pursuant to *Sparks*.

## **CONCLUSION**

The Court concludes that given the strong presumption against removal and the fact that Grossinger has failed to demonstrate that under Arizona law an insurance adjuster may not be held liable for the tort of bad faith, complete diversity is lacking and this Federal Court does not have subject matter jurisdiction over this case.

Accordingly,

**IT IS ORDERED** that Defendant Grossinger's Motion to Dismiss for Failure

to State a Claim, docket # 4, is **DENIED** without prejudice to the right of Grossinger to renew the motion to dismiss in the Superior Court.

**IT IS FURTHER ORDERED** that Plaintiff Kristy Wapniarski's Motion to Remand, docket # 17, is **GRANTED**. The Clerk is kindly directed to remand this case to the Maricopa County Superior Court, State of Arizona and terminate this federal case.

Dated this 17th day of June, 2010.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge